**E-FILED**
Monday, 24 July, 2006  09:34:59 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## AT ROCK ISLAND

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case Nos. | 06-40020 |
| | ) | | 06-40068 |
| Plaintiff, | ) | | 06-40069 |
| | ) | | 06-40070 |
| v. | ) | | 06-40071 |
| | ) | | 06-40072 |
| CLIFTON BRUCE DAVIDSON, JR., | ) | | 06-40073 |
| | ) | | 06-40074 |
| Defendant. | ) | | 06-40075 |

FILED

JUL 2 1 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the

United States of America, by Rodger A. Heaton, United States Attorney for the

Central District of Illinois, and John K. Mehochko, Assistant United States

Attorney, and the defendant, Clifton Bruce Davidson, Jr., personally and by the

defendant's attorney, George F. Taseff, hereby enter into this plea agreement.

1.  This document contains the complete and only plea agreement between

the United States of America and the defendant.  This agreement supersedes and

replaces any and all prior formal and informal, written and oral, express and

implied, agreements between the parties, including plea agreements.  No other

agreement, understanding, promise, or condition between the United States of

America and the defendant exists, except as set forth in this plea agreement.

2.  This plea agreement is binding only upon the United States Attorney for

the Central District of Illinois  and the defendant.  It does not bind any other

United States Attorney, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and, therefore, if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

## CHARGES, ELEMENTS, AND PENALTIES

4. The defendant will plead guilty to a total of twenty-five (25) charges. As more fully set out below, the defendant will plead guilty to three (3) counts of aggravated bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d); twenty-one (21) counts of bank robbery, in violation of Title 18, United States Code, Section 2113(a); and, one (1) count of brandishing a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924(c).

5. The defendant will plead guilty to Counts One, Two, Three, and Four of the Indictment in the Central District of Illinois. Count One of the Indictment charges the defendant with aggravated bank robbery in violation of Title 18, United States Code, Sections 2113(a) and (d). Count Two of the Indictment

-2-

charges the defendant with brandishing a firearm during the aggravated bank robbery charged in Count One, all in violation of Title 18, United States Code, Section 924(c). Counts Three and Four charge the defendant with bank robbery in violation of Title 18, United States Code, Section 2113(a).

6. The defendant also agrees to waive venue (as further discussed below in ¶ 24(f)) and, pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, will also waive indictment and plead guilty in open court to an Information filed in Central District of Illinois, which charges him with committing a total of eleven (11) bank robberies in seven (7) other federal judicial districts, in violation of Title 18, United States Code, Section 2113(a), and including, in the case of Count Eleven of the Information, an aggravated bank robbery in violation of Title 18, United States Code, Sections 2113(a) and (d).

7. In addition, the defendant will plead guilty to six (6) additional Indictments and one (1) additional Information filed in seven (7) other federal judicial districts, charging him with committing a total of ten (10) additional bank robberies in those districts, in violation of Title 18, United States Code, Section 2113(a), and including, in the case of the District of Connecticut Indictment, an aggravated bank robbery in violation of Title 18, United States Code, Sections 2113(a) and (d). Specifically:

-3-

a. The defendant will waive indictment pursuant to Rule 7(b), and, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, will plead guilty in open court to an Information filed in the Southern District of Ohio, which charges him with committing one (1) count of bank robbery in violation of Title 18, United States Code, Section 2113(a).

b. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant will plead guilty in open court to an Indictment filed in the Eastern District of Kentucky, which charges him with committing three (3) counts of bank robbery in violation of Title 18, United States Code, Section 2113(a).

c. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant will plead guilty in open court to an Indictment filed in the Eastern District of Missouri, which charges him with committing two (2) counts of bank robbery in violation of Title 18, United States Code, Section 2113(a).

d. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant will plead guilty in open court to an Indictment filed in the Western District of Tennessee, which charges him with committing one (1) count of bank robbery in violation of Title 18, United States Code, Section 2113(a).

e. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant will plead guilty in open court to an Indictment filed in the Western

-4-

District of Missouri, which charges him with committing one (1) count of bank robbery in violation of Title 18, United States Code, Section 2113(a).

f. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant will plead guilty in open court to an Indictment filed in the Southern District of Iowa, which charges him with committing one (1) count of bank robbery in violation of Title 18, United States Code, Section 2113(a).

g. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant will plead guilty in open court to an Indictment filed in the District of Connecticut, which charges him with committing one (1) count of aggravated bank robbery in violation of Title 18, United States Code, Sections 2113(a) and (d).

8. The defendant has read the charges to which the defendant is pleading guilty, and the charges have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty. To sustain the charges contained in the Central District of Illinois Indictment, the Central District of Illinois Information, and the Indictments and Information filed in other judicial districts, the United States must prove the following propositions beyond a reasonable doubt

-5-

## AGGRAVATED BANK ROBBERY
### 18 U.S.C. § 2113(a) and (d)

### Central District of Illinois Indictment - Count One
### Central District of Illinois Information - Count Eleven
### District of Connecticut Indictment

First, that the defendant took from the person or presence of another money belonging to or in the care, custody, control, management, or possession of the bank named in the Indictment or Information;

Second, that at the time charged in the Indictment or Information, the bank had its deposits insured by the Federal Deposit Insurance Corporation;

Third, that the defendant acted to take such money by means of force and violence, or by means of intimidation; and,

Fourth, that the defendant assaulted or put in jeopardy the life of the person named in the Indictment or Information by the use of a dangerous weapon or device while committing or attempting to commit the theft or burglary.

## BRANDISHING A FIREARM DURING BANK ROBBERY
### 18 U.S.C. § 924(c)(1)(A)(ii)

### Central District of Illinois Indictment - Count Two

First, that the defendant committed the crime of aggravated bank robbery as charged in the Indictment;

Second, that the defendant knowingly used or carried a firearm during and in relation to that crime; and,

Third, that the defendant brandished the firearm.

## BANK ROBBERY
## 18 U.S.C. § 2113(a)

**Central District of Illinois Indictment - Counts Three and Four**
**Central District of Illinois Information - Counts One through Ten**
**Other Districts' Indictments and Information - Nine Counts Total**

First, that the defendant took from the person or presence of another money belonging to or in the care, custody, control, management, or possession of the bank named in the Indictment or Information;

Second, that at the time charged in the Indictment or Information, the bank had its deposits insured by the Federal Deposit Insurance Corporation; and,

Third, that the defendant acted to take such money by means of force and violence, or by means of intimidation.

9. The defendant understands and agrees that the offenses to which he

shall plead guilty carry the following potential penalties:

### Potential Penalties – Aggravated Bank Robbery

**Central District of Illinois Indictment - Count One**
**Central District of Illinois Information - Count Eleven**
**District of Connecticut Indictment**

- a maximum term of twenty-five (25) years in prison;

- a maximum fine of $250,000;

- a maximum of five (5) years of supervised release; and

- a $100 mandatory special assessment.

## Potential Penalties – Brandishing a Firearm During Aggravated Bank Robbery

### Central District of Illinois Indictment - Count Two

- a mandatory minimum consecutive term of seven (7) years in prison up to a maximum of life in prison;

- a maximum fine of $250,000;

- a maximum of five (5) years of supervised release; and

- a $100 mandatory special assessment.

## Potential Penalties - Bank Robbery

### Central District of Illinois Indictment - Counts Three and Four
### Central District of Illinois Information - Counts One through Ten
### Other Districts' Indictments and Information - Nine Counts Total

- a maximum term of twenty (20) years in prison;

- a maximum fine of $250,000;

- a maximum of three (3) years of supervised release; and

- a $100 mandatory special assessment.

10.  The defendant understands that the sentence on each count to which he is pleading guilty may be ordered to be served consecutively (in addition to each other).  Consequently, the maximum possible sentence which could be imposed on the combined counts is:

- a mandatory minimum term of seven (7) years in prison and a maximum of life plus four hundred and ninety-five (495) years in prison;

- a maximum fine of $6,250,000;

- a maximum of eighty-three (83) years of supervised release; and

- a $2,500 mandatory special assessment.

11. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

12. The defendant understands and agrees that the Court may order the defendant to pay restitution. The parties to this agreement have not reached a determination on the amount of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND GUIDELINE WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

13. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and

-9-

voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

## Waiver of Right to Collateral Attack

14. The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence

-10-

collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## ADVISORY SENTENCING GUIDELINES

15. The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. The defendant understands that although the Sentencing

-11-

Guidelines are advisory, the Court may choose to impose a sentence in accordance with the Sentencing Guidelines.

16. Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

a. The parties agree, based upon facts currently known by the United States, that the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

b. The parties also agree that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction

in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

17. The defendant and the United States agree that the above statements regarding Sentencing Guidelines calculations are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.

18. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that

-13-

recommended under the plea agreement.

## SPECIAL ASSESSMENT

19.    The defendant understands and agrees to pay the mandatory $100
Special Assessment for each count to which the defendant is entering a plea of
guilty as required under Title 18, United States Code, Section 3013.  The
defendant agrees to pay this mandatory special assessment at the time of
sentencing by delivering a check or money order made payable to the United
States District Court and understands that he will be required to do so as a
condition of this plea agreement.  The failure to comply with this requirement,
however, will not constitute grounds for the defendant to withdraw any plea of
guilty.

## THE UNITED STATES ATTORNEYS' OBLIGATIONS

20.  The United States Attorney for the Central District of Illinois agrees to
bring no additional criminal charges in the Central District of Illinois against the
defendant relating to or arising from the offenses charged in the Indictment or
Information, except for any crime of violence and any crime unknown to the
United States Attorney for the Central District of Illinois prior to the time this
plea agreement is signed by the parties.

## FACTUAL BASIS

21.  The defendant will plead guilty because the defendant is in fact guilty

-14-

of the charges contained in Counts One, Two, Three, and Four of the Central District of Illinois Indictment. The defendant is also in fact guilty of the ten (10) charges contained in the six (6) Indictments and one (1) Information filed in the District of Connecticut, the Southern District of Iowa, the Eastern District of Kentucky, the Eastern District of Missouri, the Western District of Missouri, the Southern District of Ohio, and the Western District of Tennessee. In addition, the defendant is in fact guilty of the eleven (11) charges contained in the Central District of Illinois Information. In pleading guilty to all these charges, the defendant stipulates and admits to the following facts:

**Moline, Illinois, Aggravated Bank Robbery and Brandishing a Firearm During a Crime of Violence**

a. On June 16, 2005, the defendant entered the National City Bank, located at 4575 16th Street, Moline, Illinois, and approached a teller. The defendant handed the teller an envelope with a note written on it that informed her the defendant was robbing the bank, ordered the teller to give the defendant all her money, and warned her not to look around. When the teller asked the defendant if he was kidding, the defendant removed a silver-colored revolver and displayed it to the teller. The teller, who was intimidated and in fear for her safety as a result of the defendant's actions, complied and gave the defendant approximately $17,933 from her cash drawer. The deposits of the National City

-15-

Bank, including those stolen by the defendant, were insured by the Federal Deposit Insurance Corporation ("FDIC").

b. The defendant took the money, left the National City Bank, and drove away in his Ford Explorer. A bank customer followed the defendant out of the bank, and was able to record the defendant's license plate number and report it to police. With the defendant's license plate number, police were able obtain vehicle registration information and a driver's license photo that was used to identify the defendant as the National City Bank robber.

c. After the National City Bank robbery, FBI agents executed a search warrant at the defendant's home at 736 Lillian Street in Holland, Michigan. Among the items discovered during the search of the defendant's home were:

1. a dye-stained manila envelope, with a bank robbery demand note written on it, that contained approximately $3,132 in dye-stained currency and a spent dye pack;

2. another manila envelope with a bank robbery demand note written on it;

3. a money band consistent with those used by banks to bundle paper currency;

4. several firearms and quantities of ammunition; and,

-16-

5. an additional $171 in dye-stained currency in the defendant's dresser drawer.

d. The defendant did not return to his home in Holland, Michigan, after the Moline bank robbery. Instead, the defendant spent approximately the next seven months traveling throughout the United States in an attempt to evade authorities. The defendant financed his life on the run by robbing additional banks and businesses. The defendant was finally arrested on January 31, 2006, outside his hotel room in Phoenix, Arizona. During a consent search of the defendant's hotel room after his arrest, police found, among other things:

1. a loaded, silver-colored Smith and Wesson .357 magnum revolver;

2. a bank robbery demand note written on a manila envelope;

3. false identification documents; and,

4. a handwritten note listing several cities where the defendant committed bank robberies, along with approximate amounts of currency taken.

**Other Bank Robberies**

e. After the defendant was identified as the National City Bank robber, FBI agents compared his photograph to security footage from unsolved bank robberies and determined that the defendant was a serial bank robber that the FBI had been seeking for years in connection with a number of other bank robberies throughout the Midwest.

-17-

f. In fact, in addition to the National City Bank in Moline, Illinois, the defendant robbed a number of other banks, some of which are summarized in the chart below.  On or about each of the below-specified dates, in the below-specified cities, in the below-specified judicial districts, the defendant entered a federally-insured bank, demanded money, caused one or more employees to be intimidated, and received an approximate amount of United States currency, which was in the custody of the below-specified banks, as specified in the chart below:

| Date | City/State | District | Bank | Amount of U.S. Currency Taken | Charging Document and Count |
|------|-----------|----------|------|-------------------------------|------------------------------|
| 11/12/04 | Cincinnati, OH | Southern District of Ohio | Huntington Bank | $2,299 | SD of OH Information |
| 3/9/04 | Union, KY | Eastern District of Kentucky | Bank of Kentucky | $20,441 | ED of KY Indictment, Count 3 |
| 6/4/04 | Nashville, TN | Middle District of Tennessee | Bank of America | $5,361 | CD of IL Information, Count 1 |
| 6/14/04 | Lima, OH | Northern District of Ohio | Liberty Savings Bank | $2,622 | CD of IL Information, Count 2 |
| 6/15/04 | Danville, IL | Central District of Illinois | First Midwest Bank | $7,249 | CD of IL Indictment, Count 3 |
| 8/2/04 | St. John, IN | Northern District of Indiana | Centier Bank | $6,717 | CD of IL Information, Count 3 |

-18-

| 8/31/04 | Fenton, MO | Eastern District of Missouri | Union Planters Bank | $2,200 | ED of MO Indictment, Count 2 |
|---------|------------|------------------------------|---------------------|--------|------------------------------|
| 9/10/04 | Jackson, TN | Western District of Tennessee | Bancorp South | $3,967 | WD of TN Indictment |
| 9/22/04 | St. Louis, MO | Eastern District of Missouri | Southern Commercial Bank | $5,200 | ED of MO Indictment, Count 1 |
| 11/12/04 | Annapolis, MD | District of Maryland | Arundel Federal Savings Bank | $3,392 | CD of IL Information, Count 4 |
| 12/23/04 | Lansing, MI | Western District of Michigan | Capital National Bank | $7,740 | CD of IL Information, Count 5 |
| 1/13/05 | Normal, IL | Central District of Illinois | Commerce Bank | $3,312 | CD of IL Indictment, Count 4 |
| 1/25/05 | Jefferson City, MO | Western District of Missouri | Jefferson Bank South | $13,624 | WD of MO Indictment |
| 3/2/05 | Lansing, MI | Western District of Michigan | Bank One | $4,459 | CD of IL Information, Count 6 |
| 3/18/05 | Oak Creek, WI | Eastern District of Wisconsin | Bank Mutual | $6,137 | CD of IL Information, Count 7 |
| 3/18/05 | Waukesha, WI | Eastern District of Wisconsin | Sunset Bank and Savings | $10,982 | CD of IL Information, Count 8 |
| 4/13/05 | Georgetown, KY | Eastern District of Kentucky | Farmers Bank and Trust | $4,633 | ED of KY Indictment, Count 2 |
| 4/29/05 | Lexington, KY | Eastern District of Kentucky | Traditional Bank | $5,460 | ED of KY Indictment, Count 1 |

| 5/17/05 | Davenport, IA | Southern District of Iowa | Metrobank | $4,196 | SD of IA Indictment |
| 6/8/05 | Lansing, MI | Western District of Michigan | Republic Bank | $919 | CD of IL Information, Count 9 |
| 6/13/05 | Bedford Township, MI | Eastern District of Michigan | Monroe County Community Credit Union | $4,533 | CD of IL Information, Count 10 |

**Other Aggravated Bank Robberies**

g. In addition to the above-listed bank robberies, the defendant also committed two additional aggravated bank robberies, in which he assaulted and put in jeopardy the lives persons present by the use of a dangerous weapon and device.

h. On October 13, 2005, the defendant entered the Webster Bank, located at 377 Cromwell Avenue, Rocky Hill, Connecticut, and approached a teller. The defendant handed the teller a note informing her that he was robbing the bank. As the teller was reading the note, the defendant reached down to his left side and pulled a silver revolver from his waist band, pointed the gun at the teller, and said "This is a robbery, give me the money now." The teller, who was intimidated and in fear for her safety as a result of the defendant's actions, complied and gave the defendant approximately $10,449 from her cash drawer. The defendant took the money and fled the bank. The deposits of the Webster Bank, including those stolen by the defendant, were insured by the Federal

-20-

4:06-cr-40068-MMM-JAG     # 2     Page 21 of 27

Deposit Insurance Corporation ("FDIC"). This aggravated bank robbery is charged in the District of Connecticut Indictment.

i. On November 18, 2005, the defendant entered the Farmers and Mechanics Bank, located at 5279 Buckeystown Pike, Frederick, Maryland, and approached a teller. The defendant handed the teller a note informing her that he was robbing the bank. When the teller looked at the defendant, the defendant lifted up the left side of his shirt and displayed a silver-colored revolver, which was inside the defendant's waistband, to the teller. The defendant warned the teller not to give him any dye packs. The teller, who was intimidated and in fear for her safety as a result of the defendant's actions, complied and gave the defendant approximately $13,298 from her cash drawer. The defendant took the money and left the bank. The deposits of the Farmers and Mechanics Bank, including those stolen by the defendant, were insured by the Federal Deposit Insurance Corporation ("FDIC"). This aggravated bank robbery is charged in Count 11 of the Central District of Illinois Information.

-21-

j. The defendant's aggravated bank robberies are summarized in the chart below:

| Date | City/State | District | Bank | Amount of U.S. Currency Taken | Charging Document and Count |
|------|-----------|----------|------|------------------------------|------------------------------|
| 6/16/05 | Moline, IL | Central District of Illinois | National City Bank | $17,933 | Central District of Illinois Indictment, Count 1 |
| 10/13/05 | Rocky Hill, CT | District of Connecticut | Webster Bank | $10,449 | District of Connecticut Indictment |
| 11/18/05 | Frederick, MD | District of Maryland | Farmers and Mechanics Bank | $13,298 | Central District of Illinois Information, Count 11 |

## EFFECT OF VIOLATION OF AGREEMENT

22. The defendant agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/or sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to

-22-

declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

23. Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

24. The defendant understands that by pleading guilty the defendant surrenders the following rights, among others:

a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the

-23-

evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e. The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on

-24-

the defendant's own behalf.

f. Venue. To the extent that any venue issue exists with respect to Counts One through Eleven of the Information filed in the Central District of Illinois, the defendant hereby knowingly and specifically waives any and all rights to challenge his prosecution in the Central District of Illinois on Counts One through Eleven on the basis of venue, that is, that the charges against him were unconstitutionally or otherwise improperly brought in the Central District of Illinois instead of being filed in another federal district. The defendant hereby acknowledges and understands that absent this waiver, he might have the right to challenge his prosecution on Counts One through Eleven of the Information on the basis of venue. The defendant understands that Article III, Section 2, Clause 3 of the United States Constitution provides that "Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed"; that the Sixth Amendment calls for trial "by an impartial jury of the State and district wherein the crime shall have been committed;" and that Rule 18 of the Federal Rules of Criminal Procedure establishes that "prosecution shall be had in a district in which the offense was committed." Recognizing all of the foregoing, the defendant hereby knowingly and voluntarily waives venue with respect to Counts One through Eleven of the Central District of Illinois Information.

25.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

26.    I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: _7-21-06_                              S/George Taseff
                                             _____
                                             George F. Taseff
                                             Attorney for Clifton Bruce Davidson, Jr.

**Defendant:**

27.    I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal

-26-

conduct are true.  No threats, promises, or commitments have been made to me

or to anyone else, and no agreements have been reached, expressed or implied, to

influence me to plead guilty other than those stated in this written Plea

Agreement.  I am satisfied with the legal services provided by my attorney.  I

understand that by signing below I am stating I agree with everything stated in

this paragraph, and I am accepting and entering into this Plea Agreement.

S/Clifton B. Davidson Jr.

Date: 7-21-06

_____
Clifton Bruce Davidson, Jr.
Defendant

**United States:**

28.    On behalf of the United States of America, I accept and agree to this

Plea Agreement.

Date: 7/21/06

RODGER A. HEATON
UNITED STATES ATTORNEY
CENTRAL DISTRICT OF ILLINOIS

S/John Mehochko

_____
John K. Mehochko
Assistant United States Attorney

-27-